IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Darrell McPherson** | § | |
| *PLAINTIFF,* | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| **MOURIK Inc.** | § | |
| *DEFENDANT,* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** Darrell McPherson ("Plaintiff"), by and through his attorney of record DaSean A. Jones, with this Original Complaint against Mourik Inc. ("Defendant"). In doing so, Plaintiff presents the following:

## NATURE OF ACTION

1. The action is brought to remedy discharge and discrimination in violation of the law on the basis of Age in the terms, conditions and privileges of employment as protected by Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("TITLE VII"), and Section 451 of the Texas Labor Code.

## JURISDICTION

2. This Court has jurisdiction over this case pursuant to 28 U.S.C §§ 1331 (federal question) and 1343 (civil rights).

3. Venue in this Court is appropriate pursuant to 42 U.S.C § 12117 (a), 42 U. S. C. §2000E-5 (f) (3), and 28 U. S. C. §1391, because the employment practices involved in this dispute occurred in Houston Texas, and thus venue is proper in the Southern District of Texas.

## ADMINISTRATIVE PROCEEDINGS

4. Plaintiff has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this Court under ADEA, and Title VII, and thus all conditions precedent to this lawsuit within the meaning of 9 (c) of the Fed. R. Civ. Pro. has been performed or have otherwise occurred.

5. In particular, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the adverse employment action. *See*. Ex. A. The Dismissal and Notice of Right to sue was placed in the mail to Mr. McPherson on October 29, 2015, and the lawsuit was timely filed within the 90 days of receiving the notice. *See* Ex. B.

## PARTIES

6. Plaintiff is a male who is over the age of 40. Plaintiff resides in Houston, Texas.

7. Defendant is a catalyst handling vendor to the petrochemical industry handling catalyst change-outs and inert entry work for more than 80 years. The registered agent is CT Corporation, who may be served at:1999 Bryan St, Suite 900 Dallas, TX 75201-3136.

## STATEMENT OF CLAIMS

8. **Employee**. Plaintiff is an "employee" as defined under 29 U.S.C. § 630 (f) of the ADEA, and 42 U.S.C. § 2000e (f) of TITLE VII. Plaintiff is also an individual who is at least 40 years of age under 29 U.S.C. § 631 (a) of the ADEA.

9. **Employer**. Defendant is a "covered" "employer" as defined under 29 U.S.C. § 630 (b) of the ADEA, and 42 U.S.C. § 2000e (b) of TITLE VII.

10. Furthermore, Defendant is an "employer" as defined in 29 U.S.C. § 630 (b) of the

ADEA, and 42 U.S.C. § 2000e (b) of TITLE VII as engaged in an industry, which affected commerce, and because it had over the requisite number of employees and administrative employees working for it at all times relevant to this suit.

## BACKROUND FACTS

11. Beginning in January, 2015 and continuing until April, 2015, Plaintiff was denied promotion to a full time Tech position. Although he has more industry related experience and company seniority than the other applicants, the company failed to promote him.

12. He was told that the Project Manager stated that he wanted someone young and did not select him and another older employee because they were "too old to go down in the hole". The Plaintiff was qualified for the position and physically able to do the job. Plaintiff further believes that he was not selected because he sustained an on-the-job injury and filed a claim.

13. Plaintiff believes that he has been discriminated against because of his age (55) and in retaliation for suffering an injury, in violation of the Age Discrimination in Employment Act (ADEA).

## CAUSES OF ACTION

### COUNT ONE — AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 623

14. Defendant discriminated against Plaintiff because of his age.

15. Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint.

16. Under 29 U.S.C. § 623, the Age Discrimination in Employment Act ("ADEA") or ("Act") makes it unlawful to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. Particularly,

the ADEA makes it an unlawful employment practice for an employer covered by the Act to discriminate against an individual who:

(1) fails or refuses to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) limits, segregates, or classifies his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) reduces the wage rate of any employee in order to comply with this chapter

*See* 29 U.S.C § 623(c)

17. Plaintiff is an individual who is over 40 years of age. Plaintiff was employed by Defendant as an at-will employee. Plaintiff's employment was adversely affected by Defendant because of his age. Defendant acted upon an available excuse to limit Plaintiff in regards to his employment and service with Mourik Inc. Plaintiff was discriminated against as a result of his age.

18. Pursuant to the 29 U.S.C. § 623, Plaintiff brings action against Defendant for all violations Defendant has committed of 29. U.S.C. § 623, which may be revealed, through discovery or otherwise.

19. Plaintiff is entitled to recover back wages, front wages, reinstatement, and liquidates damages. Plaintiff had to employ an attorney to vindicate his rights under the law, and seeks reasonable and necessary attorneys' fees. All of Plaintiff's claims are within the jurisdictional limits of this Court. Under the ADEA, the court must award liquidated damages once the plaintiff established that the employer's willful violations. *See Tyler v. Union Oil Co. of Cal*., 304 F.3d 379, 398 (5th Cir. 2002). Furthermore, back pay may be recovered for a period of two years, or three years in the event of a willful

violation. 29 U.S.C. § 255.

### COUNT TWO— RETALIATION BASED UPON AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 623(d)

20.     Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Complaint as if fully and completely set forth herein.

21.     To establish a prima facie retaliation claim under the ADEA, a plaintiff "must show (1) that he engaged in a protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action." *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001).

22.     Plaintiff engaged in or was engaging in an activity protected under federal law, that is he opposed a practice deemed unlawful under the ADEA.  The employer subjected the plaintiff to an adverse employment action, when it did not select him for a position, stating that he was "too old to go down in the hole"; and Plaintiff was subjected to the adverse employment action because of engaging in a protected activity.

23.     Plaintiff is entitled to recover back wages, front wages, reinstatement, and liquidates damages.  Plaintiff had to employ an attorney to vindicate his rights under the law, and seeks reasonable and necessary attorneys' fees.  All of Plaintiff's claims are within the jurisdictional limits of this Court. Under the ADEA, the court must award liquidated damages once the plaintiff established that the employer's willful violations. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 398 (5th Cir. 2002).  Furthermore, back pay may be recovered for a period of two years, or three years in the event of a willful violation. 29 U.S.C. § 255.

### COUNT THREE — RETALIATION IN VIOLATION OF THE
### TEXAS LABOR CODE § 451 FOR FILING A WORKERS' COMPENSATION CLAIM

24.     Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Complaint as if fully and completely set forth herein.

25.     Plaintiff alleges that he was retaliated against after he filed a claim due to an on-the job injury.  Plaintiff pursued the assistance of the Mourik EEO. After such time, Plaintiff was not selected for a position for which he was qualified.

26.     Plaintiff was an employee of Mourik.  Mourik can be sued under Tex. Labor Code § 451 because Mourik is not a political subdivision subject to sovereign immunity under the Tex. Labor Code § 451.  Mourik is understood to be subscriber under the Tex. Worker's Compensation Act.  Plaintiff engaged in a protected activity when he in good faith filed a workers' compensation claim after suffering a work-related injury during the course and scope of his employment with Mourik.  Mourik discriminated against Plaintiff by failing to promote him.

27.     Mourik would not have discriminated against Plaintiff but for the workers' compensation claim filed by Plaintiff, his involvement in the workers' compensation claim, or his age.

28.     As a direct result of this discriminatory treatment, Plaintiff lost substantial income and benefits. Therefore, Plaintiff seeks damages as outlined below.

### PRAYER FOR RELIEF

**WHEREFORE**, Mr. McPherson requests the Defendant be cited to appear and answer, and that on hearing Plaintiff be awarded (1) backpay, (2) front pay, (3) interest (pre- & post-), (4) attorneys fees, (5) litigation expenses, (6) compensatory damages, (7) punitive damages, (8) liquidated damages, (9) unliquidated damages, (10) court costs,

(11) and all other remedies deemed appropriate by law to which she may be entitled.

**Plaintiff, DERRELL MCPHERSON, requests a trial by jury as to all counts.**

                                       **Respectfully submitted,**

                                       _____
                                       **DASEAN A. JONES**
                                       State Bar No. 24078750
                                       723 Main, Suite 902
                                       Houston, Texas 77002
                                       Telephone: 832.224.6740
                                       Facsimile: 832.827.3983
                                       djones@texasjoneslaw.com

                                       **Attorney for Plaintiff,**
                                       **DERRELL MCPHERSON**